IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

TALLY ANN ROWAN,

Petitioner,

v.

PIERCE COUNTY JAIL;
NANCY HOVE, Pierce County Sheriff;
LT. MIKE KNOLL; DEPUTY SANDY LARSON;
DEPUTY DIANE DUBOIS; DEPUTY PEGGY SCHUTZ;
MIKE WALZ; and CHIEF DEPUTY NEIL GULBRANSON,

Respondents.

ORDER

09-cv-224-slc[1]

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Petitioner Tally Ann Rowan, who is incarcerated at the Pierce County jail, has filed a proposed civil action under 42 U.S.C. § 1983 for monetary relief, in which she alleges that respondents violated her rights under the Eighth Amendment after she was arrested on

[1] While this court has a judicial vacancy, it is assigning 50% of its caseload automatically to Magistrate Judge Stephen Crocker. At this early date, consents to the magistrate judge's jurisdiction have not yet been filed by all the parties to this action. Therefore, for the purpose of issuing this order only, I am assuming jurisdiction over the case.

March 13, 2009. Petitioner has requested leave to proceed in forma pauperis and has made the initial partial payment required of her under 28 U.S.C. § 1915.

Because petitioner is an inmate, the 1996 Prison Litigation Reform Act requires the court to deny leave to proceed if her complaint is legally frivolous, malicious, fails to state a claim upon which relief may be granted or asks for money damages from a respondent who by law cannot be sued for money damages. 28 U.S.C. § 1915(e). However, petitioner is also a pro se litigant, which means her complaint will be construed liberally as it is reviewed for these potential defects. Haines v. Kerner, 404 U.S. 519, 521 (1972). Having reviewed petitioner's complaint, I conclude that she may not proceed at this time because her complaint violates Fed. R. Civ. P. 8. Accordingly, I will reserve ruling on the merits of her complaint until she corrects these violations.

## OPINION

### A. Rule 8

Petitioner's complaint does not meet the requirements of Fed. R. Civ. P. 8. Under Fed. R. Civ. P. 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Although petitioner alleges that she has been harmed in numerous ways while in jail, she fails to give respondents notice of what each of them is alleged to have done to violate her constitutional rights. For example, she contends

that after she was arrested on March 13, she was brutalized, "raped with a tube," drugged against her will and institutionalized against her will. She also alleges that after being transferred to the Pierce County jail, she was denied a phone call; denied proper medical care for several conditions, causing permanent and continuing health problems; improperly fed while she was on a special diet; not permitted to shower, forcing her to remain in unsanitary conditions; and denied access to federal legal materials.

As is evident, for some of the claims, petitioner fails to identify who was involved in the alleged incident or responsible for the alleged wrongdoing. Rule 8 requires such identification. Many other claims are barebones statements of actions respondents have taken against her without any description of the context of those actions. For each claim, petitioner must describe the incident, including when it occurred, identify who is involved in or responsible for each incident and describe how each person was involved or responsible. Because petitioner's complaint does not comply with Rule 8, I must dismiss it without prejudice. Petitioner is free to file an amended complaint that fixes these problems.

B. Other Concerns

In addition to raising claims about the conditions of her confinement, petitioner seems to be challenging the basis of her arrest and her subsequent conviction. For petitioner's sake, I note that the Supreme Court has held that prisoners may not challenge

the fact or duration of their confinement or their convictions under 42 U.S.C. § 1983. Rather, after exhausting their state court remedies, they must bring a petition for a writ of habeas corpus under 28 U.S.C. § 2254, which "is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release." Heck v. Humphrey, 512 U.S. 477, 481 (1994) (citing Preiser v. Rodriguez, 411 U.S. 475, 488-90 (1973)).

Also, petitioner may encounter problems under Fed. R. Civ. P. 20, which prohibits a petitioner from asserting unrelated claims against different respondents or sets of respondents in the same lawsuit. Multiple respondents may not be joined in a single action unless the petitioner asserts at least one claim of relief against each respondent that arises out of the same transaction or occurrence or series of transactions or occurrences and presents questions of law or fact common to all. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007); 3A Moore's Federal Practice § 20.06, at 2036-45 (2d ed.1978). Although Fed. R. Civ. P. 18 allows a party to join unrelated claims against respondents in a suit, this rule applies only after the requirements for joinder of parties have been satisfied under Rule 20. Intercon Research Association, Ltd. v. Dresser Industries, Inc., 696 F.2d 53, 57 (7th Cir. 1983) (quoting 7 Charles Alan Wright et al., Federal Practice & Procedure). This means that the core set of allowable respondents must be determined under Rule 20 before a petitioner may join additional unrelated claims against one or more of those respondents

under Rule 18. In addition, under Rule 18, a party cannot join claims involving any respondent outside the group identified under Rule 20.

Although most of the respondents appear to be employees of the Pierce County Sheriff's Department, it does not appear that all of petitioner's claims arise out of the same transaction or series of transactions and present common issues of fact or law. For example, her claims related to her arrest and those related to her treatment in jail seem to allege different harms from different people at a different time and place. If petitioner chooses to file a proposed amended complaint, she should explain how her claims arose out of the same alleged incident or series of incidents and share a common question of law or fact. If petitioner wishes to raise unrelated claims against different respondents, she will have to file a separate lawsuit for each unrelated claim. Petitioner will have to make an initial partial payment and will incur a separate filing fee for any additional lawsuit that she chooses to bring.

In sum, because petitioner's complaint does not conform to the requirements of Rule 8, she may have until June 10, 2009, within which to submit a proposed amended complaint. If petitioner files a proposed amended complaint that complies with Rule 8 but has Rule 20 violations, I will sever the separate claims into separate lawsuits. If petitioner fails to respond by June 10, 2009, I will close this case.

ORDER

IT IS ORDERED that:

1. Petitioner Tally Ann Rowan's complaint is DISMISSED because it is in violation of Fed. R. Civ. P. 8.

2. Petitioner may have until June 10, 2009, in which to submit a proposed amended complaint that conforms to the requirements Fed. R. Civ. P. 8 and 20. If, by June 10, 2009, petitioner fails to respond to this order, the clerk of court is directed to close this case for petitioner's failure to prosecute.

3. If, by June 10, 2009, petitioner submits a revised complaint as required by this order, I will take that complaint under advisement for a determination whether petitioner may proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

Entered this 21st day of May, 2009.

BY THE COURT:

/s/

_______________________________

BARBARA B. CRABB
District Judge