IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

TALLY ANN ROWAN,

                                                 ORDER

                Plaintiff,

                                         09-cv-224-slc

       v.

PIERCE COUNTY JAIL;
NANCY HOVE, Pierce County Sheriff;
LT. MIKE KNOLL; DEPUTY SANDY LARSON;
DEPUTY DIANE DUBOIS; DEPUTY PEGGY SCHUTZ;
MIKE WALZ; and CHIEF DEPUTY NEIL GULBRANSON,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

     On April 15, 2009, plaintiff Tally Ann Rowan, who is incarcerated at the Pierce County jail, filed a proposed civil action under 42 U.S.C. § 1983, in which she alleged that defendants Pierce County jail, Nancy Hove, Lieutenant Mike Knoll, Deputy Sandy Larson, Deputy Diane Dubois, Deputy Peggy Schutz, Mike Walz and Chief Deputy Neil Gulbranson violated her rights under the Eighth Amendment after she was arrested on March 13, 2009.  In an order issued on May 21, 2009, I denied plaintiff's request for leave to proceed in forma pauperis and dismissed her initial complaint for her failure to comply with Fed. R. Civ. Pro. 8.  However, I offered plaintiff an opportunity to amend her

1

complaint in order to conform to Rule 8.  Dkt. # 4.  Now before the court is plaintiff's proposed amended complaint, in which she brings her previous claims and adds new claims against defendants Nurse Judy Ortwerth, Cassie Anderson, Sue Brown, Melanie Brooks, Natalie Stockwell, Deputy Dietzler and Doug Ducklow for violations of the First, Sixth, Eighth and Fourteenth Amendments and a variety of state laws.  Dkt. #6.

Because plaintiff is an inmate, the 1996 Prison Litigation Reform Act requires the court to deny plaintiff leave to proceed if her complaint is legally frivolous, malicious, fails to state a claim upon which relief may be granted or asks for money damages from a defendant who by law cannot be sued for money damages.  28 U.S.C. § 1915(e).  However, plaintiff also is a pro se litigant, which means her complaint will be construed liberally as it is reviewed for these potential defects.  Haines v. Kerner, 404 U.S. 519, 521 (1972).  Having reviewed plaintiff's complaint, I conclude that she may not proceed at this time because her amended complaint violates Fed. R. Civ. P. 20.  Accordingly, I will reserve ruling on the merits of her complaint until she remedies the Rule 20 violations.


OPINION

Plaintiff has filed a lengthy proposed amended complaint, alleging a series of wrongdoings by several defendants.  Because the proposed complaint reads like a journal, it

is not clear what claims plaintiff wishes to pursue.  Also, in many instances, it is unclear which defendant participated in which incident.

Rule 20 prohibits a plaintiff from asserting unrelated claims against different defendants or sets of defendants in the same lawsuit.  Multiple defendants may not be joined in a single action unless the plaintiff asserts at least one claim to relief against each defendant that arises out of the same transaction or occurrence or series of transactions or occurrences and presents questions of law or fact common to all.  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007); 3A Moore's Federal Practice § 20.06, at 2036-45 (2d ed.1978).

Although Fed. R. Civ. P. 18 allows a party to join unrelated claims against defendants in a suit, this rule applies only after the requirements for joinder of parties have been satisfied under Rule 20, Intercon Research Assn., Ltd. v. Dresser Ind., Inc., 696 F.2d 53, 57 (7th Cir. 1983) (quoting 7 Charles Alan Wright et al., Federal Practice & Procedure), which means that the core set of allowable defendants must be determined under Rule 20 before a plaintiff may join additional unrelated claims against one or more of those defendants under Rule 18.  This means also that under Rule 18, a party cannot join claims involving any defendant outside the group identified under Rule 20.

For example, a plaintiff could have one lawsuit for breach of contract against defendants Smith, Jones, Wilson and Garcia and an unrelated lawsuit for personal injury against defendants Smith, Jones and Brown.  If the plaintiff wanted to proceed with both

3

claims in the same lawsuit under Rules 18 and 20, he would have to dismiss Wilson and Garcia from the first lawsuit or he would have to dismiss Brown from the second lawsuit. In this way, the same "core" of defendants (Smith and Jones) is common to both claims.

Applying these rules to plaintiff's amended complaint, I conclude that plaintiff is raising claims that belong in at least four different lawsuits:

- <u>Lawsuit #1</u>:  After plaintiff was transferred to the Pierce County jail in April 2008, she experienced explosive diarrhea.  Defendants forced her to remain in her dirty clothes for three days and denied her a shower for four days in violation of her rights under the Eighth Amendment.  After plaintiff was incarcerated again in March 2009, defendants Stockwell, Larson and Brooke refused to let her shower for an extended period of time and defendants Larson and Stockwell forced her to sleep in dirty clothing and linens.

- <u>Lawsuit #2</u>:  During her incarceration in the Pierce County jail in April 2008 and between March 2009 and the present, defendants Larson, Dubois, Anderson, Knoll and Ducklow and other unnamed defendants prevented her from obtaining legal representation or representing herself by denying her a free phone call and access to her attorney's phone number, a computer, federal legal materials and a fax machine in violation of her due process rights under the Fourteenth Amendment.

- <u>Lawsuit #3</u>: During her incarceration in the Pierce County jail in April 2008 and between March 26, 2009 and the present, defendant Ortwerth and other defendants denied plaintiff proper medical care and a special diet for her fibromyalgia, anxiety, heart problems, diabetes, boils, high cholesterol and eye, foot and stomach problems, causing permanent and continuing health problems in violation of her rights under the Eighth Amendment.

- <u>Lawsuit #4</u>:  Defendant Brown opened plaintiff's legal mail in April 2009.

4

- <u>Lawsuit #5</u>:  On May 1, 2009, defendant Dietzler pushed plaintiff, injuring her shoulder.  When she complained, plaintiff was placed in lockdown for 10 days.

Although plaintiff discusses several other incidents that occurred during her incarceration, she either provides insufficient facts about the incident or fails to identify the particular defendants who were involved.  In some instances, she identifies deputies not named as defendants.  Therefore,  I will assume that plaintiff does not intend to raise these other incidents as separate claims.  In addition, plaintiff raises objections to the charges against her and her arrests in 2008 and 2009.  I have excluded these incidents because plaintiff states in her amended complaint that her claims relate only to the Pierce County jail and that "[a]ll other information is for background only, separate lawsuits will be filed."

Under <u>George</u>, I may apply the filing fee plaintiff owes in this case to only one of the lawsuits I have identified above.  Plaintiff may have until July 28, 2009, within which to advise the court of the specific lawsuit on which she wishes to proceed under the number assigned to this case.  That lawsuit will be the only lawsuit assigned to this case number.  Additionally, for the lawsuit that plaintiff chooses to pursue, she must comply with Rule 8 by identifying which specific defendants were involved and how they were involved.  Therefore, by July 28, plaintiff should file a second proposed amended complaint containing the following information:

- The names of the specific defendants she is bringing the lawsuit against.

- A description of each incident and alleged wrongdoing. (Plaintiff may repeat the factual allegations from her previous proposed complaints that specifically relate to the lawsuit being brought.)

- A brief explanation of how each named defendant was individually involved in each incident.

- The type of relief that plaintiff is seeking with respect to the lawsuit.

Plaintiff may choose to dismiss any or all of her remaining lawsuits voluntarily. If she chooses this latter route, plaintiff will not owe additional filing fees or face strikes for those lawsuits. Any lawsuit dismissed voluntarily would be dismissed without prejudice, so plaintiff would be able to bring it at another time.

Plaintiff should be aware that because it is not clear at this time which of her separate lawsuits she will pursue, I have not assessed the merits of the claims raised in any of the lawsuits identified above. Once plaintiff identifies the suits she wants to continue to litigate, I will screen the individual actions that remain as required under 28 U.S.C. § 1915(e)(2). Because plaintiff faces filing fees and potential strikes for each lawsuit she pursues, she should consider carefully the merits and relative importance of each of her potential lawsuits when choosing which of them she wishes to pursue.

6

ORDER

IT IS ORDERED that:

1.  Plaintiff Tally Ann Rowan may have until July 28, 2009, to identify for the court the separately numbered lawsuit identified in the body of this opinion on which she wishes to proceed under the number assigned to this case and to file a second proposed amended complaint that complies with Fed. R. Civ. P. Rules 8 and 20.

2.  Plaintiff may have until July 28, 2009, in which to advise the court which of the remaining separately numbered lawsuits she will prosecute, if any, and which she will withdraw voluntarily.

3.  For any lawsuit that plaintiff dismisses voluntarily, she will not owe a filing fee.

4.  For each lawsuit that plaintiff advises the court that she intends to prosecute (other than the one plaintiff chooses to keep assigned to this case number), she will owe a separate $350 filing fee and will be assessed an initial partial payment.

    5.  If plaintiff fails to respond to this order by July 28, I will enter an order dismissing

the lawsuit as it presently exists without prejudice for plaintiff"s failure to prosecute.

    Entered this 7ᵗʰ day of July, 2009.

                              BY THE COURT:

                              _____
                              BARBARA B. CRABB
                              District Judge