IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

TALLY ANN ROWAN,

                                  ORDER

            Plaintiff,

                              09-cv-224-slc

     v.

PIERCE COUNTY JAIL;
NANCY HOVE, Pierce County Sheriff;
LT. MIKE KNOLL; DEPUTY SANDY LARSON;
DEPUTY DIANE DUBOIS; DEPUTY PEGGY SCHUTZ;
MIKE WALZ; and CHIEF DEPUTY NEIL GULBRANSON,

           Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Plaintiff Tally Ann Rowan has responded to this court's July 7, 2009 order in which I concluded that her complaint violated Fed. R. Civ. P. 20 because it contained as many as five separate lawsuits against different sets of defendants. I directed her to identify which lawsuit(s) she wished to pursue. Dkt. #8. As discussed in that order, I understood plaintiff to be alleging the following claims in her complaint:

- Lawsuit #1: After plaintiff was transferred to the Pierce County jail in April 2008, she experienced explosive diarrhea. Unnamed defendants forced her to remain in her dirty clothes for three days and denied her a shower for four days in violation of her rights under the Eighth Amendment. After plaintiff was incarcerated again in March 2009,

1

defendants Natalie Stockwell, Sandy Larson and Melanie Brooke refused to let her shower for an extended period of time and defendants Larson and Stockwell forced her to sleep in dirty clothing and linens.

- <u>Lawsuit #2</u>: During her incarceration in the Pierce County jail in April 2008 and between March 2009 and the present, defendants Larson, Diane Dubois, Cassie Anderson, Mike Knoll and Doug Ducklow and other unnamed defendants prevented her from obtaining legal representation or representing herself by denying her a free phone call and access to her attorney's phone number, a computer, federal legal materials and a fax machine in violation of her due process rights under the Fourteenth Amendment.

- <u>Lawsuit #3</u>: During her incarceration in the Pierce County jail in April 2008 and between March 26, 2009 and the present, defendant Judy Ortwerth and other defendants denied plaintiff proper medical care and a special diet for her fibromyalgia, anxiety, heart problems, diabetes, boils, high cholesterol and eye, foot and stomach problems, causing permanent and continuing health problems in violation of her rights under the Eighth Amendment.

- <u>Lawsuit #4</u>: Defendant Sue Brown opened plaintiff's legal mail in April 2009.

- <u>Lawsuit #5</u>: On May 1, 2009, defendant Deputy Dietzler pushed plaintiff, injuring her shoulder. When she complained, plaintiff was placed in lockdown for 10 days.

In her response, plaintiff states that she wishes to proceed with Lawsuits ##1-4 and a revised version of Lawsuit #5. She attaches five separate complaints and states, "If they [the complaints] are done wrong again, then I voluntarily withdraw them, so that I can re-file them when I am more able to do so!" Dkt. #10. As I understand plaintiff's five proposed complaints, she is seeking leave to proceed on the following:

2

1. Lawsuit #1 against defendants Pierce County Jail, Larson, Stockwell and Brooke.

2. Lawsuit #2 against defendants Pierce County Jail, Knoll, Larson and Peggy Schutz.

3. Lawsuit #3 against defendants Pierce County Jail, Ortweth and Nancy Hove.

4. Lawsuit #4 against defendants Pierce County Jail and Brown.

5. A lawsuit against defendants Pierce County Jail, Hove, Jerry Nelson, Larson, Brown and Brooke for placing her in lockdown without a right to file a grievance and in retaliation for filing complaints about her unconstitutional treatment at the jail.

Plaintiff has paid a total of four initial partial filing fees with respect to the above lawsuits. Therefore, she may bring four out of the five lawsuits identified above. Plaintiff has not identified which specific lawsuits that she wishes to pursue at this time. Therefore, I will stay the screening process and ask plaintiff to identify 1) which four complaints she wishes the court to screen and 2) which complaint she wishes to dismiss voluntarily. In the alternative, plaintiff may make an additional initial partial payment of $5.40 to bring a fifth lawsuit. If plaintiff fails to identify which four complaints she wishes to have screened, I will screen the first four identified in her response.

ORDER

IT IS ORDERED that plaintiff Tally Ann Rowan has until September 18, 2009 within which to identify for the court which four of the five complaints identified in this order she wishes to pursue. If by that date, plaintiff fails to respond, I will screen the first four complaints filed with her response. The fifth complaint will be dismissed without prejudice unless plaintiff submits another initial partial payment of the filing fee by September 18, 2009.

Entered this 27th day of August, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge