IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

TALLY ANN ROWAN,

                Plaintiff,                  OPINION AND ORDER

v.

                                            09-cv-224-wmc[1]

MELANIE BROOKE and
NATALIE STOCKWELL,

                Defendants.

Proceeding pursuant to 42 U.S.C. § 1983, plaintiff Tally Ann Rowan claims that defendants Melanie Brooke and Natalie Stockwell violated her Eighth Amendment rights during her incarceration when they refused to allow her to shower or change her clothing for three days after suffering from "explosive diarrhea" and denied her clean bedding after she spilled applesauce on her sheets. On March 31, 2010, defendants filed a motion for summary judgment (dkt.#30), arguing that Rowan had failed to exhaust her administrative remedies. Defendants' motion will be granted because Rowan has failed to both (1) meet her obligations to respond and (2) offer any factual or legal basis justifying her failure to exhaust.

PROCEDURAL DEFAULT

Rowan was given an extension of time until April 28 to file her opposition to

---

[1] This case was reassigned to Judge William Conley pursuant to a March 31, 2010 administrative order.

defendants' summary judgment motion. On April 26, 2010, she filed a second motion for extension of time or in the alternative to re-file these lawsuits at a later date (dkt. #39). This motion will be denied as moot because she eventually filed her response to defendants' motion for summary judgment on April 30.

Unfortunately, Rowan's late response does not comply with the court's instructions on filing submissions related to summary judgment provided her with the December 14, 2009 Preliminary Pretrial Conference Order, dkt. #25. As explained in the Procedure to be Followed on Motions for Summary Judgment, a party opposing summary judgment must file a brief with opposing legal arguments, a response to the movant's proposed findings of fact and evidentiary materials to support the factual propositions. Procedure, II.A.1-3. The party is to propose each fact in a separate paragraph and supported by a reference to supporting evidence. Procedure, II.D.1-2. The Procedure also explains the type of evidence that can be used as support, including affidavits. *Id.*, I.C.. Rowan submitted only a brief, failed to respond to defendants' proposed finding of fact, and submitted no affidavit or any other evidence to show she has exhausted her administrative remedies or has been denied an opportunity to do so.

Rowan has had sufficient time to comply with this court's procedure in opposing the motion for summary judgment and has failed to do so. Thus, the court accepts the defendants' proposed findings of fact as undisputed.

UNDISPUTED FACTS

The following facts are material and undisputed.

At all times material to this action plaintiff Tally Ann Rowan was incarcerated at the Pierce County Jail in Ellsworth, Wisconsin. She is currently incarcerated at the Taycheedah Correctional Institution. Defendants Melanie Brooke and Natalie Stockwell are deputy sheriffs who work at the jail.

> Pierce County Jail had the following grievance procedure:
>
> Inmates shall have a grievance process available to express complaints without the fear of reprisal or punitive disciplinary action. You must first attempt to settle any dispute or complaint on an informal basis with the jail staff. If the problem cannot be resolved in an informal basis, you may put your grievance in writing and put it in an envelope addressed to the jail sergeant. You must inform the jail staff if the grievance is an emergency concerning a threat to health or welfare so he/she can notify the jail sergeant immediately.
>
> For non-emergency grievances, the jail sergeants shall have seven (7) days to investigate the grievance and respond to you with a decision in writing. If you are not satisfied with the findings and actions of the jail sergeant, you may make a written appeal to the jail administrator within fifteen (15) days of being informed of the jail sergeant's decision. Final appeal is heard by the sheriff, and he must receive your written appeal within fifteen (15) days of being informed of the jail administrator's decision.

Affidavit of Lieutenant Michael Kroll, Dkt. #32, Exhibit A.

This procedure is provided to every inmate when he or she is processed into the general population. It is also included in the "Prisoner Handbook," which was posted in the cell block in which Rowan was housed and is printed on the inmate grievance form.[2] Rowan

---

[2] The procedure on the grievance form differs from the original procedure in the number of days given for the appeals. Although the original procedure allows for 15 days to file the appeals, the grievance form allows for only three days.

3

was very familiar with the inmate complaint procedure and had filed many grievances while at the jail.

On April 7, 2008, Rowan filed a grievance complaining among other things that she had suffered from explosive diarrhea and was denied a shower for three days. On April 10, 2008, Sergeant Jay Nelson responded to the Rowan's grievance denying it and telling her of her right to appeal his decision to the jail administrator. Rowan did not appeal Nelson's decision.

There is no evidence that Rowan filed any grievance alleging that she was not allowed to change her bedding after spilling applesauce on it.

OPINION

Under Fed. R. Civ. P. 56, summary judgment is appropriate if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. In deciding a motion for summary judgment, the court must view all facts and draw all inferences from those facts in the light most favorable to the non-moving party. *Schuster v. Lucent Tech., Inc.*, 327 F.3d 569, 573 (7th Cir. 2003). The party that bears the burden of proof on a particular issue, nonetheless, may not rest on its pleadings, but must affirmatively demonstrate, through the proposal of specific facts, that there is a genuine issue of material fact that requires a trial. *Hunter v. Amin*, 583 F.3d 486, 489 (7th Cir. 2009) (internal quotation omitted); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

The applicable substantive law will dictate which facts are material. *Darst v. Interstate*

*Brands Corp.*, 512 F.3d 903, 907 (7th Cir. 2008). Further, a factual dispute is "genuine" only if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson*, 477 U.S. at 248; *Roger Whitmore's Auto. Serv., Inc. v. Lake County, Ill.*, 424 F.3d 659, 667 (7th Cir. 2005). The court's function in a summary judgment motion is not to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial. *Anderson*, 477 U.S. at 249; *Hemsworth v. Quotesmith.Com, Inc.*, 476 F.3d 487, 490 (7th Cir. 2007). In this case, there is no genuine issue for trial.

Under 42 U.S.C. § 1997e(a), a prisoner must exhaust all available administrative remedies before filing a lawsuit in federal court challenging conditions of confinement. *Perez v. Wisconsin Dept. of Corrections*, 182 F.3d 532, 537 (7th Cir. 1999) ("[A] case filed before exhaustion has been accomplished must be dismissed.) To satisfy exhaustion requirements, a prisoner must take all steps, including appeals, prescribed by the prison's grievance system. *Burrell v. Powers*, 431 F.3d 282, 284-85 (7th Cir. 2005); *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). Because exhaustion is an affirmative defense, defendants bear the burden of establishing that plaintiff failed to exhaust. *Kaba v. Stepp*, 458 F.3d 678, 681 (7th Cir. 2006); *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006).

Defendants submitted evidence that Rowan had knowledge of the jail inmate grievance procedure and that she failed to exhaust her administrative remedies on the claims she raises in this lawsuit. Although plaintiff filed an initial grievance on the claim that she was denied a shower, she did not appeal the denial of the grievance. She failed to file a grievance on her claim that she was denied clean bedding. Rowan submitted no contrary

evidence, except for a vague, unsworn assertion that defendants impeded the process. This alone is not enough to defeat summary judgment. Rowan has submitted no evidence to dispute the affidavit submitted by defendants. Because defendants have met their burden of establishing that Rowan failed to exhaust her administrative remedies, their motion for summary judgment will be granted. Under the Prison Litigation Reform Act, her case must be dismissed without prejudice. 42 U.S.C. § 1997e(a); *Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004) (dismissal for failure to exhaust is always without prejudice).

ORDER

IT IS ORDERED that:

1. The motion for summary judgment, dkt. #30, filed by defendants Melanie Brooke and Natalie Stockwell is GRANTED. This case is DISMISSED without prejudice for plaintiff Tally Ann Rowan's failure to exhaust her administrative remedies.

2. Plaintiff's motion for an extension of time and extension of legal loan or alternatively to re-file these cases at a later date, dkt. # 39, is DENIED as moot.

3. The clerk of court is directed to enter judgment in favor of defendants and close this case.

Entered this 27th day of September, 2010.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge